**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STEPHEN P. BOWERS,**

      **Petitioner,**

**v.**                                          **Civil Action No. 2:11cv40
(Judge Bailey)**

**EVELYN SEIFERT, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On May 16, 2011, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Dckt. 1). The petitioner paid the required $5.00 filing fee on that same date (Dckt. 5).

On May 18, 2011, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Thus, the respondent was directed to show cause why the petition should not be granted. (Dckt. 6).

On July 14, 2011, the respondent filed an Answer to the Petition. (Dckt. 21). In addition, she tendered a Motion to Dismiss Petition as Untimely Filed. (Dckt. 22). Because the petitioner is proceeding *pro se*, a Roseboro Notice issued the next day. (Dckt. 25).

On July 25, 2011, the petitioner filed a response to the respondent's motion in which he argues that the respondent's timeliness argument is procedurally incorrect, and further, that he is entitled to equitable tolling.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 2.

### I. **Procedural History**

A.  **Petitioners' Conviction and Sentence**

On November 12, 2002, a Marshall County, West Virginia, grand jury returned an indictment charging the petitioner with three counts of third degree sexual abuse by a parent guardian or custodian, one count of first degree sexual abuse, and two counts of third degree sexual abuse. (Dckt. 22-1). Following a jury trial held August 11-13, 2003, a Marshall County petit jury convicted the petitioner of all six counts of the indictment. (Dckt. 22-2). On September 13, 2003, the petitioner was sentenced to no less than 10 nor more than 20 years for each count of sexual abuse by a parent, guardian, or custodian, no less than 1 nor more than 5 years upon his conviction for first degree sexual abuse, and 90 days upon his conviction for third degree sexual abuse. The Court ran two of the three first degree sexual abuse counts and the first degree sexual abuse count consecutively. The Court suspended the sentence on one count of sexual abuse by a parent, guardian, or custodian and placed the petitioner on probation for three (3) years following his release. The Court also ran the sentence for third degree sexual abuse concurrently with the three counts of sexual abuse by a parent, guardian, or custodian. (Dckt. 22-3).

B.  **The Petitioner's Direct Appeal**

Petitioner, by counsel, appealed his conviction to the West Virginia Supreme Court of Appeals on June 28, 2004. The Supreme Court refused the petition for direct appeal by order entered on September 9, 2004. (Dckt. 22-4).

B.  **The Petitioner's Writ of Certiorari**

The petitioner, by counsel filed a petition for a writ of certiorari with the United States Supreme Court on December 6, 2004. The Supreme Court denied the petition by order entered February 22, 2005. (Dckt. 22-5).

C.  **The Petitioner's State Habeas Proceedings**

On April 22, 2005, the petitioner, proceeding *pro se* filed a petition for post-conviction relief pursuant to West Virginia Code §§ 53-4A-1 *et seq.*, in the Circuit Court of Marshall County. (Dckt. 22-7). Upon initial review, the state habeas court appointed David Zehnder as the petitioner's habeas counsel. On May 9, 2005, the court appointed J.L. Hickok as co-counsel. On July 1, 2005, counsel submitted an amended petition for post-conviction relief. (Dckt. 22-8). Following an omnibus hearing, the state habeas court issued a memorandum order, entered on December 29, 2008, granting relief with prejudice and ordering the release of the petitioner forthwith. (Dckt. 22-16).

On April 27, 2009, the Respondents below/Appellants, Tom Scott Administrator, Southwest Regional Jail; and Wyetta Fredericks, Executive Director, West Virginia Regional Jail and Correctional Facility, filed a petition for appeal with the West Virginia Supreme Court of Appeals. On August 5, 2009, the petitioner/Appellee filed his response brief, alleging a cross-assignment of error. By order entered March 4, 2010, the West Virginia Supreme Court of Appeals reversed the state habeas court's final order by published decision. See State ex. Rel Bowers v. Scott, 697 S.E.2d 722 (W.Va. 2010) (*per curiam*). That same day, the court issued an order pursuant to Rule 25(a) of the Rules of Appellate Procedure ordering the clerk to issue the mandate. On March 12, 2010, the Petitioner/Appellee filed a petition for rehearing. (Dckt. 22-18, pp. 47-59). The West Virginia Supreme Court denied the petition on April 1, 2010. (Dckt. 23, p. 9).

### D. **The Petitioner's Writ of Certiorari**

On June 29, 2010, the petitioner filed a petition for a writ of certiorari, which was placed on the Supreme Court's docket on June 30, 2010. (Dckt. 22-18, p. 62). The petition was denied on October 4, 2010. (Dckt. 22-18, p. 83).

## II. **Analysis**

### A. **One-Year Limitation Period**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

©  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing

4

fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

As previously noted, the petitioner's direct appeal was refused on September 9, 2004, and the United States Supreme Court denied his petition for writ of certiorari on February 22, 2005. Therefore, the petitioner's conviction became final on February 22, 2005, and the one-year limitation period began to run on February 23, 2005.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v. Hutchinson, 209 F.3d at 327. Therefore, the petitioner's one-year limitation was tolled on April 22, 2005, when he filed his state habeas petition with the Circuit Court of Marshall County. At that time, 59 days of the one-year limitation had expired.

The petitioner's state habeas petition was granted with prejudice on December 29, 2008. Then, on March 4, 2010, the West Virginia Supreme Court reversed the state habeas court's order. Thus, the petitioner's one-year limitation period began to run again on March 5, 2010 and ran for 306 days, or until January 7, 2011, when it expired. Therefore, the petition, which was not filed until May 16, 2016, is clearly untimely.

In reaching this conclusion, the undersigned is mindful that the petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court seeking to appeal the West Virginia Supreme Court's decision reversing the award of habeas relief by the Circuit Court of Marshall

5

County. The petitioner argues, in effect, that the statute of limitation remained tolled until the Supreme Court denied his petition on October 4, 2010. In support of this argument, the petitioner cites several cases including Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999). However, a careful reading of Taylor establishes that the Fourth Circuit declined to address the issue of whether the district court should have tolled the period of time the prisoner took to seek certiorari review.[1]

However, the United States Supreme Court has explicitly ruled that the time period in question in this case does not toll the one year statute of limitations. See Lawrence v. Florida, 549 U.S. 327 (2007). In Lawrence, like the instant case, the parties agreed that AEDPA's limitation period was tolled from the filing of the petition for state post conviction relief until the State Supreme Court issued its mandate with respect to the petition. At issue, however, was whether the limitation period was tolled during the pendency of the petition for certiorari seeking review of the denial of state post conviction relief. Turning to § 2244(d)(2), the Court determined that read naturally, "the text of the statute must mean that the statute of limitations is tolled only while state courts review the application...After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." Lawrence at 1082-1083. Applying this ruling to the instant case establishes that the petition is untimely.

**B. Equitable Tolling**

In his response to the respondent's motion to dismiss, the petitioner also asserts that he is

---

[1] "Because our holding tolling the entire period of the state post-conviction proceedings is sufficient to allow Taylor to refile his petition, we do not address this issue." Taylor 186 F.3d at 558.

6

entitled to equitable tolling of the one-year limitation period because he "was advised by his State habeas counsel, Jack L. Hickok, that the federal statute of limitations did not begin until after a ruling was made by the United State Supreme Court of the Certiorari Petition. If that counsel was wrong, it would be yet another count of Ineffective Assistance of Counsel rendered to Petitioner, this time habeas counsel." (Dckt. 28, p. 4).

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In this case, the petitioner argues "ineffective assistance of counsel." However, the circuit courts have held that a lawyer's mistake or negligence is not justification for equitable tolling. *See* Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's mistake in calculating limitations periods did not toll the one year statute of limitations); Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999) (holding that no grounds for equitable tolling existed when the delay occurred because Sandvik's attorney mailed the §2255 petition by ordinary mail instead of express mail); Gilbert v. Secretary of Health and Human Services, 51 F.3d 254, 257 (Fed. Cir. 1995)(holding that the negligence of Gilbert's attorney in reading the applicable statute did not justify equitable tolling). Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)(holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary

7

circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.) Accordingly, reliance of counsel's advise that the statute of limitations was tolled during the pendency of the petition for certiorari does not present an extraordinary circumstance to justify tolling the statute of limitations.[2]

### III. Recommendation

For the foregoing reasons, the undersigned finds that the respondent's Motion to Dismiss Petition as Untimely Filed (Dckt. 22) be **GRANTED**, the petitioner's Motion for Summary Judgment (Dckt. 29) be **DENIED**, and the petitioner's § 2254 habeas corpus petition (Dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

---

[2] See also, Lawrence, supra at 1085. "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence, supra at 1085.

DATED: 8/23/2011

*David J. Joel*
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE