## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**STEPHEN P. BOWERS,**

    Petitioner,

v.
                              **CIVIL ACTION NO. 2:11-CV-40**
                              **(BAILEY)**

**EVELYN SEIFERT,**
**Warden of the Northern Correctional Facility,**

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on August 23, 2011 [Doc. 31]. In that filing, the magistrate judge recommends that this Court grant the respondent's Motion to Dismiss Petition as Untimely Filed [Doc. 22], deny the petitioner's Motion for Summary Judgment [Doc. 29], and deny and dismiss with prejudice the petitioner's § 2254 petition [Doc. 1].

### II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

1

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The record reflects that the petitioner accepted service on August 24, 2011. See Doc. 32. The petitioner then timely filed his Objections [Doc. 34] on September 8, 2011. Accordingly, this Court will conduct a *de novo* review below.

### III.  Background

#### A.  Conviction and Sentence

On November 12, 2002, a grand jury in Marshall County, West Virginia returned an indictment charging the petitioner with three counts of third degree sexual abuse by a parent, guardian, or custodian; one count of first degree sexual abuse; and two counts of third degree sexual abuse [Doc. 22-1]. In August 2003, a petit jury found the petitioner guilty on all counts [Doc. 22-2]. On September 13, 2003, the petitioner was sentenced to a term of imprisonment in state prison [Doc. 22-3].

#### B.  Direct Review

By counsel, the petitioner appealed his conviction to the Supreme Court of Appeals

of West Virginia on June 28, 2004. The petitioner's direct appeal was refused by order entered September 9, 2004 [Doc. 22-4]. By counsel, the petitioner petitioned for a writ of certiorari from the Supreme Court of the United States on December 6, 2004, which the Supreme Court denied on February 22, 2005 [Doc. 22-5].

### C. State Habeas Proceedings

Proceeding *pro se*, the petitioner filed a petition for post-conviction relief in the Circuit Court of Marshall County on April 22, 2005 [Doc. 22-7]. Upon initial review, the circuit court appointed David Zehnder as the petitioner's habeas counsel. On May 9, 2005, the circuit court appointed J.L. Hickok as co-counsel. On July 1, 2005, habeas counsel filed an amended petition for post-conviction relief. Following an omnibus hearing, the circuit court granted the petitioner post-conviction relief on December 29, 2008 [Doc. 22-16].

On April 27, 2009, the respondents below appealed the circuit court's order to the Supreme Court of Appeals of West Virginia. The court reversed the circuit court's order on March 4, 2010, by published opinion. See **State ex. rel Bowers v. Scott**, 226 W.Va. 130, 697 S.E.2d 722 (2010). On the same day, the court directed the clerk to issue the mandate. On March 12, 2010, the petitioner filed a petition for rehearing, which the court denied on April 1, 2010. (See [Doc. 22-18] at 62; [Doc. 23] at 9).

On June 29, 2010, the petitioner petitioned for a writ of certiorari from the Supreme Court of the United States, which the Supreme Court denied on October 4, 2010. (See [Doc. 22-18] at 62; [Doc. 22-18] at 83).

### D. Federal Habeas Proceedings

On May 13, 2011, the petitioner mailed the instant § 2254 petition, which was docketed in this Court on May 16, 2011 [Doc. 1]. On July 14, 2011, the respondent moved to dismiss the petition for failure to file within the one-year limitation period prescribed by section 2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") [Doc. 22]. On July 25, 2011, the petitioner responded to the motion arguing that he is entitled to statutory and equitable tolling [Doc. 28]. On the same day, the petitioner moved for summary judgment on his habeas claims [Doc. 29].

On August 23, 2011, Magistrate Judge Joel issued the instant R&R recommending that this Court grant the respondent's motion, deny the petitioner's motion, and deny and dismiss with prejudice the § 2254 petition as untimely [Doc. 31]. In support of his recommendation, the magistrate judge first concluded that, after applying the AEDPA's tolling provision, its one-year statute of limitations expired on January 7, 2011. (Id. at 5). In this regard, the magistrate judge found that the 59 days between the conclusion of the petitioner's direct review and the commencement of his state habeas proceedings should be counted toward the limitations period. (Id.). In addition, the magistrate judge found that the limitations period began to run again on March 5, 2010, the day after the Supreme Court of Appeals of West Virginia denied the petitioner's petition for state habeas relief. (Id.). In further support of his recommendation, the magistrate judge next concluded that the petitioner is not entitled to equitable tolling. (See Id. at 6-8). Specifically, the magistrate judge found that "reliance on counsel's advice that the statute of limitations was tolled during the pendency of the petition for certiorari does not present an extraordinary

circumstance to justify tolling the statute of limitations." (Id. at 8) (footnote omitted).

## IV. Analysis

In his Objections [Doc. 34], timely filed on September 8, 2011, the petitioner claims that the magistrate judge committed three errors in finding that his petition is untimely under the AEDPA. This Court will now consider those claims of error, in turn.

### A. Whether Statute of Limitations Began to Run upon Conclusion of Direct Review

First, the petitioner claims that the 59 days between the conclusion of his direct review and the commencement of his state habeas proceedings should not be counted toward the AEDPA's one-year statute of limitations. This Court disagrees.

Section 2244(d)(1) of the AEDPA provides, in whole, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

28 U.S.C. § 2244(d)(1).

In this case, the parties do not dispute that only subparagraph (A) is applicable. Thus, the statute of limitations began to run upon the conclusion of direct review. Here, therefore, the statute of limitations began to run on February 23, 2005, the day after the Supreme Court of the United States denied the petitioner's petition for a writ of certiorari.

On the issue of tolling, section 2244(d)(2) of the AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As such, the statute of limitations was tolled when the petitioner filed his petition for state habeas relief. Thus, in the instant case, the statute of limitations was tolled on April 22, 2005.

Applying the foregoing authority to the instant case, this Court agrees with the magistrate judge that the 59 days between the conclusion of direct review and the filing of the petitioner's state habeas petition should be counted toward the AEDPA's one-year statute of limitations. Accordingly, this Court hereby **OVERRULES** the petitioner's first objection.

### B. Whether Statute of Limitations was Tolled During Pendency of Petition for Writ of Certiorari following Denial of State Habeas Relief

Next, the petitioner argues that the statute of limitations remained tolled until the Supreme Court of the United States denied review of the denial of his petition for state habeas relief. This Court disagrees.

In 2007, the Supreme Court rendered an opinion that clearly decided this issue.

6

Specifically, in *Lawrence v. Florida*, 549 U.S. 327, 332 (2007), the Supreme Court held that "[t]he application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."

In accordance with the holding in *Lawrence*, this Court must conclude that the AEDPA's statute of limitations was not tolled during the pendency of the petitioner's petition for writ of certiorari. Instead, the limitations period began to run again on March 5, 2010, the day after the Supreme Court of Appeals of West Virginia denied his petitioner for state habeas relief. As such, the limitations period expired on January 7, 2011, approximately four months before the petitioner filed the instant § 2254 petition. Thus, unless the petitioner can show that he is entitled to equitable tolling, his petition will be dismissed as untimely. Accordingly, this Court hereby **OVERRULES** the petitioner's second objection.

### C. Whether Petitioner is Entitled to Equitable Tolling

Finally, the petitioner argues that he is entitled to equitable tolling because his state habeas counsel wrongly advised him that the AEDPA's statute of limitations would be tolled during the pendency of his petition for writ of certiorari. This Court disagrees.

In *Lawrence*, the Supreme Court held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." 549 U.S. at 336-37 (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)). Three years later, in *Holland v. Florida*, 130 S.Ct. 2549, 2563-64 (June 14, 2010), the Supreme Court drew a distinction between attorney misconduct that is "egregious" and conduct that is merely "excusable neglect,"

7

concluding that only the former could be considered sufficiently "extraordinary" to warrant equitable tolling. As for "excusable neglect," the Court noted that "a simple 'miscalculation' that leads a lawyer to miss a filing deadline," specifically referencing *Lawrence*, "does not warrant equitable tolling." *Id.* at 2564 (citing *Lawrence*, 549 U.S. at 336).

In *Holland*, the Court concluded that the facts presented evidenced "far more serious instances of attorney misconduct," finding that the record facts amounted to more than a simple miscalculation of the AEDPA's limitations period. *Id.* Specifically, the Court noted that the attorney had also: (1) failed to file a federal habeas petition on time, "despite Holland's many letters that repeatedly emphasized the importance of his doing so[;]" (2) failed to "do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules[;]" (3) "failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information[;]" and (4) "failed to communicate with his client over a period of years, despite various pleas from Holland that [he] respond to his letters." *Id.*

In the instant case, the petitioner fails to allege attorney conduct that would tip the scales of equity from mere "excusable neglect" to the "egregious" misconduct that is required to trigger equitable tolling. For example, the petitioner does not claim that his state habeas counsel failed to file his federal habeas petition on time, despite numerous letters emphasizing the importance of doing so and identifying the applicable legal rules. The petitioner also does not claim that his counsel failed to inform him of crucial facts, despite many pleas for that information. Instead, the petitioner claims only that his counsel

8

miscalculated the applicable limitations period. As explained in *Lawrence* and reaffirmed in *Holland*, simple "miscalculation" is insufficient to warrant equitable tolling. *See Lawrence*, 549 U.S. at 336; *Holland*, 130 S.Ct. at 2564. Without anything more, therefore, this Court finds that the AEDPA's one-year limitations period should not be equitably tolled. As such, the petitioner's § 2254 petition should be dismissed as untimely. Accordingly, this Court hereby **OVERRULES** the petitioner's third and final objection.

V.  **Conclusion**

Upon careful review, it is the opinion of this Court that the magistrate judge's Opinion/Report and Recommendation **[Doc. 31]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. As such, this Court hereby **GRANTS** the respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 22]** and **DENIES** the petitioner's Motion for Summary Judgment **[Doc. 29]**. Additionally, the petitioner's Objections to the magistrate judge's R&R **[Doc. 34]** are **OVERRULED**. Accordingly, the petitioner's § 2254 petition **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE**, and this matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk of Court is **DIRECTED** to enter a separate judgment order for the respondent.

As a final matter, because this Court has dismissed the petitioner's constitutional claims on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529

U.S. 473, 484 (2000)). Upon an independent review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, this Court hereby **DENIES** a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 17, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE